

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-14-739

| | |
|---|---|
| RONALD SAMMONS<br><br>APPELLANT<br><br>V.<br><br>PAT WILLIAMS D/B/A J.I.T.<br>TRANSPORT AND TRANSPORT 1<br>EXPRESS, L.L.C.<br><br>APPELLEES | Opinion Delivered March 4, 2015<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G110418]<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

In this appeal from the Arkansas Workers' Compensation Commission ("the Commission"), appellant Ronald Sammons argues that the Commission erred when it concluded that (1) he was not employed by Transport 1 Express, L.L.C. ("Transport 1") and (2) Pat Williams d/b/a J.I.T. Transport ("J.I.T.") did not qualify as an employer under the Arkansas Workers' Compensation Act. We affirm.

Ronald Sammons worked for J.I.T. starting on August 20, 2010. His duties at J.I.T. included hauling coils from Blytheville, Arkansas, to West Memphis, Arkansas, and Memphis, Tennessee. J.I.T. was a sole proprietorship owned by Pat Williams.[1] Williams is also a one-third partner in Transport 1.

---

[1] Williams "closed" J.I.T. on June 10, 2011.

SLIP OPINION

On June 8, 2011, Transport 1 leased a truck to J.I.T. for Sammons to transport materials to West Memphis. En route, Sammons's truck overturned and struck another vehicle, and Sammons suffered a concussion and a hernia. Following the accident, Sammons filed for workers' compensation benefits.

A hearing was held before an administrative law judge ("ALJ") on Sammons's claim. At the hearing, Williams testified that he owned J.I.T. and is also a co-owner of Transport 1. He stated that he and Sammons were the only employees of J.I.T. He noted that Angela Jones, a friend who worked for Arkansas Logistics, occasionally helped him with the businesses. He further noted that Arkansas Logistics is a company where loads from J.I.T. were delivered. He explained that Jones distributed paychecks to company drivers and dispatched Sammons to jobs. Williams testified that Jones never received a paycheck from J.I.T. but that he bought lunch for Jones on several occasions. Williams testified that on June 8, 2011, the truck usually driven by Sammons for J.I.T. was being repaired so he made an agreement with his Transport 1 partner, Gary Armstrong, to lease a Transport 1 truck to J.I.T. He stated that he arranged for Sammons to deliver a load with the Transport 1 truck but "nobody from Transport 1 ever told him what to do."

Armstrong, Williams's Transport 1 partner, also testified at the hearing. He explained that he did not have any ownership in J.I.T. and never hired, supervised, or paid Sammons. He explained that he agreed to lease the truck to J.I.T. on June 8, 2011, because Transport 1 would receive twenty percent of the revenue from the load delivery and the truck would have been idle otherwise. He noted that the truck would have been idle because Transport



1's driver was on vacation.

Sammons testified that he started working for J.I.T. on August 30, 2010. He stated that he received paychecks only from J.I.T. and he never received pay from Transport 1. Sammons testified that on June 8, 2011, he drove a Transport 1 truck to deliver a coil load. He said it was a hot day and the truck's air conditioning was not working. He also stated that he was in and out of the truck all day and became dehydrated. He explained that, as he drove the truck around a curve, he blacked out and collided with another vehicle. When asked who employed him at the time of accident, Sammons responded, "Transport . . . I mean J.I.T." However, Sammons later testified that, "as far as [he knew, he] was driving a Transport 1 truck and that's who [he] was working for" on June 8, 2011.

On October 2, 2013, the ALJ issued an opinion based on the testimony at the hearing. He determined that J.I.T. regularly employed three employees and thus qualifies as an employer under the Arkansas Workers' Compensation Act. Specifically, the ALJ found that J.I.T. employed Sammons, Williams, and Jones. The ALJ further determined that Sammons was an employee of Transport 1 at the time of the accident and, therefore, Transport 1 was responsible for Sammons's medical treatment. J.I.T. and Transport 1 appealed the ALJ's decision to the Commission.

On May 7, 2014, the Commission reversed the ALJ's decision and found that Transport 1 did not employ Sammons and J.I.T. employed two employees, Sammons and Williams. Sammons then appealed the Commission's decision to this court. On appeal, Sammons claims that the Commission erred when it determined that (1) he was not an

SLIP OPINION

employee of Transport 1 and (2) J.I.T. had only two employees.

In appeals involving claims for workers' compensation, we view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *Leach v. Cooper Tire & Rubber Co.*, 2011 Ark. App. 571. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm. *Id.* Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Pack v. Little Rock Convention Ctr. & Visitors Bureau*, 2013 Ark. 186. Further, it is well settled that the ALJ's findings are irrelevant for purposes of appeal, as this court is required by precedent to review only the findings of the Commission and ignore those of the ALJ. *See Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001).

Sammons first argues that the Commission erred when it determined that he was not an employee of Transport 1 at the time of the accident. Specifically, Sammons claims that he was a dual employee for both J.I.T. and Transport 1 when the accident occurred. In making his argument, Sammons claims that this case is "on all fours" with *Johnson v. Bonds Fertilizer, Inc.*, 375 Ark. 224, 289 S.W.3d 431 (2008). In *Johnson*, our supreme court determined that a claimant was a dual employee when the evidence demonstrated that the claimant was employed by both companies and completed work for both companies on the day of the accident and both companies had the right to control the claimant's work.

SLIP OPINION

*Johnson* is distinguishable from the instant case. The following evidence was before the Commission. Armstrong, a partner in Transport 1, testified that he never hired, paid, or controlled Sammons, and Sammons admitted that he never received a paycheck from Transport 1. Further, Williams, the owner of J.I.T., stated that he arranged the load to be delivered by Sammons on June 8, 2011, and "nobody from Transport 1 ever told him what to do." This evidence, viewed in the light most favorable to the Commission's conclusion, supports the Commission's finding that Transport 1 did not employ Sammons.

Sammons next argues that the Commission erred when it determined that J.I.T. had only two employees. Sammons claims that J.I.T. had three employees—Sammons, Williams, and Jones—and thus qualifies as an employer under the Arkansas Workers' Compensation Act.

To qualify under the Arkansas Workers' Compensation Act, an employer must regularly employ three or more individuals. Ark. Code Ann. § 11-9-102(11)(A) (Repl. 2012). The determinative factor in ascertaining the requisite number of employees under the statute is whether three persons are regularly employed in the same business. *Stewart v. Cosby-Parsons Quarter Horse Ranch*, 269 Ark. 866, 601 S.W.2d 590 (1980). In this case, substantial evidence supports the Commission's finding that J.I.T. had only two employees, Sammons and Williams. J.I.T.'s payroll sheets list only Sammons as an employee in 2011. Even though Jones occasionally delivered paychecks and dispatched loads, Williams testified that Jones was not an employee of J.I.T. The Commission found Williams's testimony credible, and credibility questions are within the Commission's exclusive province. *Pack*, 2013 Ark. 186.

Accordingly, substantial evidence supports the Commission's finding that J.I.T. regularly employed only two employees and thus does not qualify as an employer under the Arkansas Workers' Compensation Act.

Affirmed.

HIXSON and HOOFMAN, JJ., agree.